UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v.-

FRANK BRIGHT,

Defendant.

---

18 Cr. 56-1 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of two motions recently filed *pro se* by Defendant Frank Bright. (Dkt. #138, 139). On September 1, 2021, Defendant filed a motion requesting reconsideration of the Court's May 25, 2021 denial of Mr. Bright's motion to withdraw his guilty plea and to dismiss the operative indictment pursuant to Fed. R. Crim. P. 11(d)(2) and 12(b)(3). (Dkt. #138). On September 3, 2021, Mr. Bright filed a motion requesting the modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), again citing his arguments in favor of dismissal of the indictment. (Dkt. #139). This Court will consider these motions in the remainder of this Order, beginning with the motion for reconsideration.

Local Criminal Rule 49.1 provides in relevant part:

> Unless otherwise provided by statute or rule, or unless otherwise ordered by the Court in a Judge's Individual Practices or in a direction in a particular case, upon any motion, the papers shall be served and filed as follows:
>
> ...
>
> (d) A motion for reconsideration or reargument of a Court order determining a motion shall be filed and served within fourteen (14) days after the Court's determination of the original motion. A memorandum

> setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked shall accompany the motion.

Local Criminal Rule 49.1(d).[1]

Filed nearly six months after the Court's prior denial of his motions to withdraw and to dismiss the indictment, Mr. Bright's motion is untimely, and cases decided under the predecessor rule to Local Criminal Rule 49.1 have found that such untimeliness is itself a sufficient basis for denial. *See United States* v. *Yannotti*, 457 F. Supp. 2d 385, 390 (S.D.N.Y. 2006); *see also United States* v. *Nelson*, No. 10 Cr. 414 (PKC), 2011 WL 2207584 (S.D.N.Y. June 3, 2011). Mr. Bright argues that the Court should overlook his untimeliness, since he only recently received a copy of the transcript of the Court's May 25, 2021 oral decision. (Dkt. #138 at 4). However, the Court notes that Mr. Bright was present, along with limited purpose counsel, at the telephonic conference at which the oral decision was rendered, and thus did not need to wait for the transcript to learn of the Court's decision. In any event, while courts retain the discretion to excuse an untimely filing,[2] in this case the Court sees no basis to reconsider its prior decision.

---

[1] Before the enactment of Local Criminal Rule 49.1(d), courts in the Southern and Eastern Districts of New York traditionally used Local Civil Rule 6.3, which also specified a 14-day deadline for the filing of motions for reconsideration. *See generally United States* v. *Carollo*, No. 10 Cr. 654 (HB), 2011 WL 5023241, at *2 (S.D.N.Y. Oct. 20, 2011) ("Although neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules of this Court address the proper standard for a motion for reconsideration in criminal cases, courts in this district have applied the standard of Local Rule 6.3."). Because Criminal Local Rule 49.1(d) is of comparatively recent vintage, the Court cites to cases decided under both Local Rules.

[2] *See generally United States* v. *Okparaeke*, No. 17 Cr. 225 (NSR), 2019 WL 4233427, at *2 (S.D.N.Y. Sept. 6, 2019):

The standards for reconsideration among the civil and criminal rules are largely the same. As this Court has observed previously:

> [T]he moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted) (observing that the standard for granting motions for reconsideration is "strict").
>
> "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish* v. *Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citation and quotation marks omitted).
>
> The Second Circuit has made clear that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories ... or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Such a motion likewise should not be made "reflexively to reargue 'those issues already considered when a party does not like the way the original motion was resolved.'" *In re Optimal U.S. Litig.*,

---

Although courts may excuse an untimely filing, there generally must be good cause to do so. *See Davidson* v. *Scully*, 172 F. Supp. 2d 458, 462-63 (S.D.N.Y. 2001) (excusing *pro se* plaintiff's untimely filing because of his *pro se* status and the fact that plaintiff had filed a notice of motion with the clerk in a timely fashion). Critically, a moving party's *pro se* status will not, on its own, excuse a delay. *See Fabricio* v. *Artus*, No. 06 Civ. 2049 (WHP) (GWG), 2013 WL 2126120, at *1 (S.D.N.Y. Apr. 18, 2018) (rejecting movant's argument that court should have treated untimely motion as timely because he was not a lawyer); *Grullon* v. *United States*, No. 99 Civ. 1877 (JFK), 2005 WL 1560479, at *1 (S.D.N.Y. June 28, 2005) ("*Pro se* status does not excuse noncompliance with the Local Rules.").

3

>   813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011) (quoting
>   *Makas* v. *Orlando*, No. 06 Civ. 14305 (DAB) (AJP), 2008
>   WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (internal
>   quotation marks omitted)).

*United States* v. *Almonte*, No. 14 Cr. 86 (KPF), 2014 WL 3702598, at *1 (S.D.N.Y. July 24, 2014); *accord United States* v. *Pinto-Thomaz*, No. S2 18 Cr. 579 (JSR), 2019 WL 1460216 (S.D.N.Y. Jan. 10, 2019); *United States* v. *Baldeo*, No. S1 13 Cr. 125 (PAC), 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015), *aff'd*, 615 F. App'x 26 (2d Cir. 2015) (summary order).

To the extent Mr. Bright is renewing his motion to withdraw his guilty plea, this Court adheres to its prior conclusions that (i) arguments regarding the voluntariness of the plea were considered and rejected by the Second Circuit in the course of Mr. Bright's direct appeal; (ii) the Second Circuit's remand order to this Court was for the limited purpose of considering and imposing special conditions of supervised release; and (iii) Mr. Bright has not shown a "fair and just reason for requesting the withdrawal," as Federal Rule of Criminal Procedure 11(d)(2) requires. (*See* Minute Entry for May 25, 2021).

Mr. Bright protests that the Court has misunderstood the procedural timeline of this case, and that he did not learn until after the appeal of the basis for his motion to withdraw — namely, an April 16, 2019 letter from the Government to the Court, copying Mr. Bright's then-counsel, in which the Government disclaimed its prior intention to seek a superseding charging instrument. (Dkt. #138 at 4). Mr. Bright further asserts that had he known of the Government's intention not to obtain a superseding charging instrument,

4

he would have rejected the Government's plea offer and proceeded to trial. (*Id.*).

Mr. Bright made this argument previously (*see* Dkt. #129 at 4), and the Court will be more specific in rejecting it: Put simply, Mr. Bright ascribes undue importance to the Government's letter. The events relevant to Mr. Bright's challenge unfolded over a five-day period in April 2019. On April 15, the Government informed the Court and defense counsel that the Government expected to obtain a superseding indictment prior to an upcoming control date scheduled for April 19 at 2:00 p.m. (Dkt. #69). One day later, on April 16, the Government reversed course and informed the Court and defense counsel that it had decided not to seek a superseding indictment and that the parties intended to address the scheduling of Mr. Bright's trial at the April 19 control date. (Dkt. #84). On April 19, the Court was prepared to proceed with the scheduling of Mr. Bright's retrial. At or around 2:00 p.m. that day, however, the Court was informed that the Government and Mr. Bright were discussing the possibility of resolving the case by plea agreement and asked to adjourn the hearing to later that day. At or around 4:25 p.m., the parties appeared before the Court and presented a signed plea agreement. (*See* Dkt. #85). The Court proceeded to accept Mr. Bright's plea to Count One of the Indictment. (*Id.*).

On the record before the Court, the contents of the Government's April 16, 2019 letter are an insufficient basis to withdraw Mr. Bright's guilty plea. The record before the Court does not allow it to determine precisely when Mr. Bright learned of the Government's April 16 letter. But the record does

5

establish that Mr. Bright knew, or should have known, at the time he signed the plea agreement and entered his guilty plea the relevant contents of the April 16 letter — namely, that the Government would not obtain a superseding indictment in his case. The Government's April 15 letter stated that the Government expected to obtain a superseding indictment by the control date scheduled for 2:00 p.m. on April 19. (Dkt. #69). Mr. Bright did not enter his guilty plea until approximately 4:25 p.m. on April 19. (Dkt. #85). Mr. Bright therefore knew at the time he entered his guilty plea that the Government had not obtained a superseding indictment and that it intended to proceed to retrial on the existing operative indictment. Moreover, neither the parties' presentations at the plea hearing, nor the plea agreement itself, referenced a superseding indictment. (*See id.*). Accordingly, the record suggests that the Government had not, and would not, obtain a superseding indictment, and that Mr. Bright was aware of that fact at the time he entered his guilty plea.

Based on this record, the Court denies Mr. Bright's motion for reconsideration of its May 25, 2021 denial of his motion to withdraw his plea. (*See* Minute Entry for May 25, 2021). Mr. Bright has not shown "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Virgin Atlantic Airways, Ltd.*, 956 F.2d at 1255, sufficient to warrant the reconsideration of the Court's prior decision. The Court reiterates that Mr. Bright may be able to renew his challenge under 28 U.S.C. § 2255 at the appropriate time. (*See* Dkt.

#131). The Court expresses no opinion as to whether Mr. Bright's anticipated challenge will warrant further factual development of the record.

Additionally, to the extent that Mr. Bright is renewing his motion to dismiss the indictment, the Court reiterates the conclusion in its March 15, 2021 Order that it currently lacks jurisdiction to consider the motion. (*See* Dkt. #131). Here, too, the Court presumes that Mr. Bright will renew the motion after his resentencing. It pauses only to note the skepticism with which it views his argument that the victims of his robbery did not suffer the deprivation of any property rights. (Dkt. #138 at 5). The Second Circuit has specifically rejected arguments that "the Hobbs Act cannot apply to narcotics robberies because the victims do not have a lawful property right or possessory interest in illegal goods or criminal proceeds." *United States* v. *Lee*, 660 F. App'x 8, 21 (2d Cir. 2016) (summary order) (collecting cases); *see also United States* v. *Viera*, No. 14 Cr. 83 (ER), 2015 WL 171848, at *5 (S.D.N.Y. Jan. 14, 2015) (rejecting "challenge[ to] Hobbs Act robbery conspiracy charge based on the claim that no one has the right to possess an illegal drug, and therefore the robbery conspiracy did not involve the deprivation of a property right").

Separately, Mr. Bright reiterates these challenges to his indictment in his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1), which provides:

> (c) Modification of an Imposed Term of Imprisonment. —
> The court may not modify a term of imprisonment once it has been imposed except that —
>
> (1) in any case —

7

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment [subject to certain conditions].

18 U.S.C. § 3582(c)(1). However, for reasons similar to those just discussed, the Court cannot consider Mr. Bright's motion at this time. *First*, Mr. Bright has not yet been resentenced, and thus, by its terms, the statute does not apply. *Second*, Mr. Bright has not stated that he has exhausted his administrative remedies by making his request of the Bureau of Prisons, and the Government has not indicated its willingness to permit waiver or forfeiture of that right. *See United States* v. *Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) (noting that exhaustion requirement of § 3582(c)(1) is not jurisdictional, but rather a "claim-processing rule" that can be waived or forfeited by the Government). *Third* and finally, while the Court recognizes that the provision speaks to "extraordinary and compelling reasons," the Court does not find such reasons to be present here, where Mr. Bright can, if he chooses, file a motion under § 2255 after his resentencing. In other words, however broadly it may be construed, the Court does not consider § 3582(c)(1) to be a means to circumvent longstanding gatekeeping restrictions on post-conviction challenges. *See generally United States* v. *Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("For all of these reasons, the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate

8

release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."); *cf. United States* v. *Acevedo*, No. 17 Cr. 604 (CM), 2021 WL 3772018, at *2 (S.D.N.Y. Aug. 25, 2021) ("What *Brooker* did not change, however, is the mandate in § 3582(c)(1)(A)(i) that a court contemplating a defendant's release pursuant to that section must first consider the sentencing factors at 18 U.S.C. § 3553(a), to the extent they are applicable, and determine whether they counsel for or against release. A court may still deny compassionate release where the § 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances.").

For all of these reasons, the Court denies Mr. Bright's motions for reconsideration of its prior denials of his motion to withdraw his guilty plea and to dismiss the indictment, and for compassionate release under 18 U.S.C. § 3582(c)(1). The Clerk of Court is directed to terminate the motions pending at docket entries 138 and 139.

Counsel for Mr. Bright is directed to transmit a copy of this Order to him.

SO ORDERED.

Dated: September 8, 2021
       New York, New York

*Katherine Polk Failla*
_____
KATHERINE POLK FAILLA
United States District Judge