UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK BRIGHT,

                              Movant,

                 -v.-

UNITED STATES OF AMERICA,

                              Respondent.

23 Civ. 4524 (KPF)
18 Crim. 56 (KPF)

**Attorney-Client Privilege
Waiver (Informed Consent)**

KATHERINE POLK FAILLA, District Judge:

     You have made a motion to have your sentence set aside on the ground that you received ineffective assistance from your attorneys, Bobbi Sternheim, Donald Joseph Yanella III, and Alex Huot.  The Court's review of the non-privileged portions of your motion papers demonstrates a need for a sworn testimonial statement from your former attorneys to permit the Court to evaluate your motion.

     The American Bar Association requires your attorneys to obtain your consent before disclosing confidential communications between you and them that may bear on the disposition of your motion.  This is a professional ethics requirement; there is no legal requirement that you give your attorneys permission to disclose such information.  In fact, as a matter of law, you have waived the attorney-client privilege by making your motion, which means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your lawyer a secret — you must allow them to be disclosed to the Government and to the Court pursuant to Court order.

     If you wish to proceed with your motion to set aside your sentence on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court in the attached envelope (keeping a copy for your records).  The form authorizes your attorney to disclose confidential communications (i) only in response to a Court order and (ii) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

     You should know that if you sign this authorization, you run the risk that your attorneys will contradict your statements about their representation of you.  However, you should also know that the Court will deny your motion if you do not authorize your attorneys to give an affidavit in response to the

Court's attached order.  Nothing in the American Bar Association's opinion alters the fact that you have already waived the attorney-client privilege; if you frustrate the Court's ability to decide your motion by refusing to sign this authorization, your motion will be denied for failure to prosecute that motion.

**You must return this form, signed by you and notarized, within thirty (30) days from the date of this Order.  If the Court does not receive this form, signed by you and notarized, within those thirty (30) days, the Court will automatically deny your motion.**

The Clerk of Court is directed to mail a copy of this Order and the attached Notarized Authorization page to the individuals listed below the Court's signature.

SO ORDERED.

Dated:      June 1, 2023
            New York, New York

_____
      KATHERINE POLK FAILLA
      United States District Judge

*By ECF and First Class Mail To:*

Frank Bright
69752-066
FCI Hazelton
P.O. Box 5000
Brucetown, WV 26525

Bobbi C Sternheim
225 Broadway, Suite 715
New York, New York 10007

Donald Joseph Yannella III
233 Broadway, Suite 2370
New York, New York 10279

Alex Stephen Huot
Jay Goldberg, P.C.
250 Park Avenue
New York, New York 10177

Jason Andrew Richman
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007

Justin Victor Rodriguez
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007

Michael Dayton Longyear
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007

NOTARIZED AUTHORIZATION

I have read the Court's Order dated June 1, 2023, captioned "<u>Attorney-Client Privilege Waiver (Informed Consent)</u>."  I hereby authorize my former attorneys, Bobbi Sternheim, Donald Yannella III, and Alex Huot, to comply with the Court's order by giving testimony, in the form ordered by the Court, relating to my motion to set aside my sentence on the ground of ineffective assistance of counsel.  This authorization allows my former attorneys to testify only pursuant to Court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.


Dated:                                          _____
                                                       Frank Bright


Sworn to before me this _____
day of _____, 20____


_____
Notary Public