# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

(212) 880-9536
bjacobs@maglaw.com

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

April 18, 2024

**BY ECF**
Hon. Katherine Polk Failla
United States District Judge
United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007



Re:   Bright v. United States, 23 Civ. 4524 (KPF) (S.D.N.Y.)
      United States v. Bright, 18 Cr. 56 (KPF) (S.D.N.Y.)

Dear Judge Failla:

In an Order dated January 2, 2024 (the "January Order"), this Court appointed me to assist Mr. Bright in his reply submission in connection with his motion for reconsideration of this Court's denial of his motion to vacate his conviction pursuant to 28 U.S.C. § 2255.  (Dkt. 27 at 4 (references to "Dkt." refer to the docket for 23 Civ. 4524 (KPF).)  In the same Order, this Court set a deadline for the reply of April 19, 2024.

I write pursuant to Rule 4.B of this Court's Individual Rules of Practice in Civil Cases respectfully to request permission to exceed that rule's ten-page limit for reply memoranda, and for permission to file a reply brief of no more than 15 pages.  An enlargement of the ten-page limit is appropriate here for several reasons.  As this Court recognized in the January Order, the issues here are "novel[]"  (Dkt. 27 at 3), and because Mr. Bright filed his motion *pro se*, the reply memorandum is the first time his novel arguments will be discussed in a counseled brief. Further, in its opposition letter (Dkt. 29), the government has asserted five independent numbered arguments, each of which the reply must address.

I have worked to draft a reply that is concise, and to pare it down to the extent possible. Because the reply must cover multiple discrete arguments, however, to cut the brief further would risk jettisoning arguments that would assist this Court in resolving the issues presented. Yesterday, I asked the government for its position on the request.  The government requested a copy of the draft reply brief, which I provided as a courtesy.  This morning, the government informed me that it objected to the request "in light of the new arguments raised" in the draft reply.  Contrary to the government's view, however, all of the arguments in the reply are properly responsive arguments (and the government did not identify which aspects of the brief it

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

April 18, 2024
Page 2

believes are "new"). In this regard, it is notable that the government's own opposition letter fails at multiple points to discuss or to cite the applicable Second Circuit law, and in responding to the government's arguments, it is necessary to discuss the relevant standards that are missing from the government's papers. In any event, a determination of whether the reply papers are properly responsive should ultimately be for the Court.

Finally, it bears noting that the government's own memorandum of law in opposition (Dkt. 29), which takes the form of a seven-page, single-spaced letter, does not comply with either Local Civil Rule 11.1 or this Court's Individual Civil Rule 4.B, either in its formatting or its lack of a Table of Authorities and a Table of Contents (which would have been required in a properly formatted brief).

For all of the foregoing reasons, I request permission to file a brief of no more than 15 pages. I thank the Court for its consideration.

Respectfully submitted,

*/s/ Brian A. Jacobs*
Brian A. Jacobs

cc: All counsel (by ECF)

```
Application GRANTED.

The Clerk of Court is directed to mail a copy of this Order
to Mr. Bright's address of record, and to docket this Order
in both cases listed in the subject line above. The Clerk of
Court is further directed to terminate the pending motions at
docket entry 31 (23 Civ. 4524) and 176 (18 Cr. 56).

                                       SO ORDERED.

Dated:    April 18, 2024
          New York, New York

                                       HON. KATHERINE POLK FAILLA
                                       UNITED STATES DISTRICT JUDGE
```

2